O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FFMx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co., *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:**   **(In Chambers) Order Denying Plaintiff's *Ex Parte* Application to Reopen Discovery**

Pending before the Court is Plaintiff's *Ex Parte* Application to Reopen Discovery and to Minimally Continue Case Management Dates. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court DENIES Plaintiff's Application.

I.   Background

On November 5, 2009, Plaintiff Dan Villasenor ("Plaintiff") filed this case in Los Angeles Superior Court alleging that, *inter alia*, Defendants Sears, Roebuck & Company, and A & E Factory Services, LLC (collectively, "Defendants") did not provide proper compensation for lunches and breaks and that he was fired based on his age. *See Compl.* ¶¶ 7, 45. The case was removed to this Court on December 14, 2009, *see* Dkt. #1 (Notice of Removal), and the Court received the parties' Rule 26(f) Joint Report proposing the course of the litigation on May 3, 2009, *see* Dkt. #13 (Joint Report). In it, the parties proposed that non-expert discovery be completed by November 29, 2010 and that expert discovery be completed by January 18, 2011. *See id.* ¶ 3. Moreover, the parties proposed a trial date of March 7, 2011, with trial lasting between 5 and 15 days. *See id.* ¶ 4. The Court, in its May 12, 2010 Scheduling Order, considered the Joint Report and set a discovery cut-off date of November 2, 2010 and a trial date of February 8, 2011.

The non-expert discovery cut-off date came and went, and on November 8, 2010, Plaintiff filed the pending *Ex Parte* Application to Reopen Discovery. *See* Dkt. #26. For the reasons that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FFMx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co., *et al*. | | |

follow, Plaintiff's *ex parte* application is DENIED.

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's Standing Order makes clear, "[*e*]*x parte* applications are solely for extraordinary relief." *Standing Order* ¶ 10.

III.    Discussion

Plaintiff argues that *ex parte* relief is warranted because he served a demand for production of documents on Defendants on July 29, 2010, but agreed to extend the time by which Defendants were to respond pending the entry of a protective order. *See Ex Parte Application* ¶ 2. Because the protective order was not submitted until October 8, 2010, and was not entered by the Court until October 29, Plaintiff insists that he is unable to conduct the discovery necessary to proceed with settlement or trial. *Id.*

While that may be true, there is no excuse for the delay in discovery that created the "need" to file this *ex parte* application. The parties offered a discovery cut-off date in their Joint Report and this Court set a date very close to what the parties suggested. They knew in May of 2010 that a protective order would be necessary in this case, yet waited to file it with the Court until October 8, less than one month from the looming discovery cut-off date. It is not the role of a district court to regularly check in on the parties to ensure that they are doing what they are supposed to be doing. There is no good cause for the delay in filing the protective order and there is no good cause that would justify granting this extraordinary *ex parte* relief.

Plaintiff's *Ex Parte* Application is DENIED.

**IT IS SO ORDERED.**