O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Defendants' motion for summary judgment**

Pending before the Court is Defendants' motion for summary judgment. A hearing on the motion was held on January 10, 2011. After considering the papers submitted in support of and in opposition to the motion, as well as arguments presented at the hearing, the Court GRANTS the motion.

I.  Background

This is an employment discrimination action brought by Plaintiff Dan Villasenor ("Plaintiff") against his former employer, Defendant Sears, Roebuck & Co. ("Sears") and its subsidiary A&E Factory Service, LLC ("A&E") (collectively, "Defendants"). Sears and A&E provide in-home repair and maintenance services for a variety of home appliances. *Russell Decl.,* ¶¶ 3-4. Plaintiff is a sixty-one year old former Sears employee who worked as a service technician in the Los Angeles Metro District ("District") from 1978 until 2008. During his employment with Sears, Plaintiff specialized in the repair of cooking appliances, including ranges, dishwashers, and microwaves. *Villasenor Depo.,* 35:16-18; 223:10-11.

In the spring of 2008, "due to changes in the business environment," Sears decided to conduct a reduction in force ("RIF") that would reduce the total number of technicians by 5%. *Defendants' Statement of Undisputed Facts* ("*SUF*") ¶ 17; *Nuestro Decl.,* ¶ 13. According to Sears, the RIF targeted the "lowest performing technicians" for inclusion in the RIF. *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

Decisions regarding which employees would be terminated under the RIF were based on the following selection criteria: "(1) those technicians who were rated as Low Contributors, 2.4 or lower, on the 2007 year end performance review; and (2) those technicians who were ranked in the bottom 20% in their District on trips-per-repair ("TPR")[1] for the 6-month period between October 1, 2007 and April 5." *Mot.* 8:3-7; *Nuestro Decl.* ¶¶ 14-15. All decisions regarding the RIF were made at Sears' corporate headquarters in Illinois.[2]

      Plaintiff's overall performance rating in 2007 was 1.9 – well below the 2.4 RIF cut-off, and placing him in the bottom 1.51% of technicians in the Los Angeles Metro District with the same specialization. *Nuestro Decl.* ¶ 16; *Torre Decl.* ¶¶ 3-6; *Defendants' Notice of Lodging of Exhibits* ("*DNOL*"), Exs. D, E. Plaintiff also ranked in the bottom 20% of his District in TPR for the six-month period between October 1, 2007 and April 5, 2008. *Nuestro Decl.* ¶ 16. Specifically, for the year 2007, Plaintiff's TPR was 1.688, which placed him in the bottom 9.62% of technicians in his District and subjected him to a written warning. *DNOL* Exs. D, E. It is also undisputed that Plaintiff received a below-average TPR rating in 2005 and 2006. *Id.*, Exs. B, C.

      On May 15, 2008, Sears terminated Plaintiff's employment. *Costanza Decl.*, ¶ 6; *Villasenor Depo.*, 165:1-6; 161:25-162:3. Other service technicians at Plaintiff's location in

---

[1] TPR measures the average number of trips it took a technician to complete a repair. Because "[t]he cost of sending a technician out several times to complete a service call generates more work and may cost Sears more than it earns on the repair[,]" Sears' goal was to have as few trips-per-repair as possible. *Mot.* 5:4-16; *Nuestro Decl.*, ¶ 9. Sears believed "[i]t was a technician's job to accurately diagnose and repair appliances in the customer's home on the first attempt[,]" *id.* 6:1-2; thus, a high TPR was correlated with poor job performance. *See id.* 6:2-4 ("The main reason a technician would have a high TPR was if the technician failed to keep his truck properly stocked with the necessary replacement parts.").

[2] Although Plaintiff purports to dispute this, *see Proposed Statements of Genuine Issues of Material Facts in Opposition to Sears' Mot.* ("*SGI*") ¶¶ 17-18 (Dkt. # 38 (Dec. 6, 2010)), he actually appears to concede it. He writes: "although the purported criteria was set in Illinois, the events which caused Plaintiff's numbers and/or falsely portrayed them were determined in Chatsworth." *SGI* ¶¶ 21-22; *Defendants' Reply Separate Statement of Uncontroverted Fact,* ¶ 22. In effect, then, it is undisputed that decisions regarding the selection criteria for inclusion in the RIF were made at corporate headquarters in Illinois without input from local supervisors.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

Chatsworth were also terminated as part of the RIF at this time. *Id.* 161:25-162:3. Of the total number of technicians Sears selected for inclusion in the RIF, 61% were 40 years of age or older. *Leggeieri Decl.* ¶ 8; *DNOL*, Ex. N.

     Following his termination, Plaintiff unsuccessfully re-applied for positions with Sears approximately five times.[3] *Villasenor Depo.* 221:3-9. On one such occasion, Plaintiff sought employment at A&E as a service technician with a laundry specialization. His application was brought to the attention of Debbie Costanza, the Los Angeles Metro District Human Resource Manager, who indicated that although she "would prefer [a] prior Sears [employee] with [a] Laundry [specialization]" for the position, she would nonetheless consider training a former cookware service technician for a position in laundry if the person was "fabulous when they were with [Sears] before." *DNOL*, Ex. F; *Costanza Decl.* ¶ 8. After Plaintiff was subsequently identified as the applicant in question, Costanza indicated that A&E was not interested in hiring Plaintiff "due to his previous [low] productivity." *DNOL*, Ex. F.

     On November 5, 2009, Plaintiff filed this lawsuit, alleging that Sears discharged him because of his age and/or in retaliation for engaging in allegedly protected activities, and that A&E engaged in age discrimination by refusing to re-hire him. *Compl.* ¶ 23. Specifically, Plaintiff's Complaint asserts the following five causes of action: (1) retaliatory discharge in violation of the Fair Employment and Housing Act ("FEHA"); (2) age discrimination in violation of FEHA (3) retaliatory discharge for asserting wage and hour violations; (4) redress of wage and hour violations; and (5) unlawful business practices. *See* Dkt. #1, Ex. A (Dec. 14, 2009). In bringing this motion, Defendants seek summary judgment on all five claims.

II.    <u>Legal Standard</u>

     Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party

---

[3] Sears' company policy provides that a former associate may be re-hired if his or her previous work record was satisfactory. *Costanza Decl.* ¶ 9; *DNOL*, Ex. H.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted).

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 248, 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

III.   Discussion

Plaintiff asserts claims of retaliation and age discrimination under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12940 *et seq,* along with claims for wage and hour violations and unfair business practices. In evaluating Defendants' motion for summary judgment, the Court will proceed to address these claims in the order they are presented in the Complaint.

    A.   Plaintiff's Claim For Retaliation in Violation of FEHA (First Cause of Action)

Plaintiff's first claim is that Sears engaged in retaliatory firing under FEHA, which prohibits an employer from retaliating against an employee for opposing discriminatory practices prohibited by the statute. Cal. Govt. Code § 12940(c)(h). In order to succeed on a FEHA retaliation claim, a plaintiff must first establish a *prima facie* case by showing that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action; and (3) a causal relationship links the two events. *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 919 (9th Cir. 1996); *see also Grantz v. State Farm Mut. Auto. Ins. Co.*, No. SACV 08-0855-AG,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

2009 WL 2870158, *8 (C.D. Cal., Sept. 2, 2009). If the plaintiff can establish a *prima facie* case, the burden shifts to the employer to offer a legitimate, non-retaliatory reason for firing him. *Yanowitz v. L'Oreal USA, Inc*., 36 Cal. 4th 1028, 1042, 32 Cal. Rptr. 3d 436, 445 (2005). If the employer can meet this burden, the presumption of retaliation "drops out of the picture," and the burden shifts back to the plaintiff to prove intentional retaliation. *Id.*

In moving for summary judgment, Defendants argue that Plaintiff cannot establish a *prima facie* retaliation case because he did not engage in "protected activity" under FEHA. *Mot.* 21:11-23:10. As support for this argument, Defendants point to Plaintiff's testimony that he never complained that Sears was engaging in age discrimination, nor raised concerns that Sears would retaliate were he to complain about such. *Villasenor Depo.* 219:23-220:12.

Instead of countering Defendants' argument with specific factual evidence showing that his retaliation claim is, in fact, based on "protected activity," Plaintiff's opposition merely asserts that "repeated complaints of disparate treatment relative to job assignments have clearly been established." *Opp'n* 19:8-9. The Court surmises that "repeated complaints" refers to the following: (1) Plaintiff's averment that he complained about not receiving a pay raise due to his poor performance statistics, because he lacked "fair warning" of the new measurement standards; *Villasenor Decl.* ¶¶ 11, 12 (Dkt. #36 (Dec. 6, 2010)); (2) Plaintiff's testimony that he complained about "working conditions," such as his "expanding" territory and the "unusual" amount of "trouble calls" he received, *id.* ¶ 15; *Villasenor Depo.* 182:14-21; and (3) Plaintiff's statement that he "raised the issue" of not being given "credit" for mentoring and assisting junior technicians at a monthly technician meeting. *Villasenor Decl.* ¶ 19; *see also Compl.* ¶¶ 10-12.

Such complaints, however, do not amount to protected activity sufficient to form the basis of a retaliation claim under FEHA. As the California Supreme Court explained in *Yanowitz*, "complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate will not suffice to establish protected conduct [for purposes of establishing a prima facie case on a FEHA retaliation claim]." *Yanowitz v. L'Oreal USA, Inc*., 36 Cal.4th 1047, 1043, 32 Cal. Rptr. 3d 436, 448- 49 (2005). Here, while Plaintiff asserts that he complained of "disparate treatment," he conceded that his complaints never mentioned an issue of age. *Villasenor Decl.* ¶ 12. Thus, at most, these complaints might have put Sears on notice of Plaintiff's belief that preventative maintenance ("PM") technicians – a lower-paid, entry-level position created to handle routine appliance inspections (*see Russell Decl.* ¶ 8) – were being assigned "easier" calls. Plaintiff not only fails

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

to offer any evidence suggesting that Sears interpreted his complaints to be accusations of age discrimination (or any other conduct prohibited by FEHA), the very premise of his position erroneously conflates age with seniority. Thus, the Court finds that Plaintiff has not met his initial burden of establishing the first element of a *prima facie* retaliation case under FEHA. *See Yanowitz*, 36 Cal. 4th at 1046; *see also Kaplan v. Dr. Reddy's Laboratories, Inc.*, No. CV 10-00675-R, 2010 WL 3894232, *1 (C.D. Cal., Sept. 30, 2010) (holding that where a plaintiff "merely complained that she was treated unfairly and harshly but made no allegation that her treatment was due to any protected activity," such "vague grievances" did not suffice to establish the protected activity element of a *prima facie* FEHA retaliation case).

Moreover, even if Plaintiff did establish that his complaints constituted protected activity, he has not proffered any admissible evidence to satisfy the third *prima facie* element of a causal connection between his complaints and his termination. To the contrary, Plaintiff testified that he never saw any documents suggesting that his termination was motivated by retaliatory purposes, *id.* 184:7-12, and admitted that he never heard any of Defendants' employees say anything negative about any of the complaints he purportedly made. *Id.* 184:13-185:7. Plaintiff also testified that he complained only to his "immediate supervisors," *id.* 182:14-21; and it is undisputed that Plaintiff's immediate supervisors did not participate in the decision to include Plaintiff in the RIF. *Nuestro Decl.*, ¶ 14; *Russell Decl.,* ¶ 13;*Costanza Decl.,* ¶ 7; *Nyberg Decl.,* ¶ 5. Taken in tandem, these facts evince a lack of causal connection between Plaintiff's alleged complaints and his ultimate termination. Additionally, Plaintiff failed to provide any evidence demonstrating temporal proximity between the two events as would support a claim of retaliation.

Thus, based upon the foregoing, the Court holds that Plaintiff cannot establish either the protected activity element or the causality element of a *prima facie* retaliation case under FEHA. Therefore, as Plaintiff fails to establish a *prima facie* case, Defendants' request for summary judgment on Plaintiff's first cause of action is GRANTED.

> B. <u>Plaintiff's Claim for Age Discrimination in Violation of FEHA (Second Cause of Action)</u>

Plaintiff's second cause of action alleges age discrimination in violation of FEHA. Cal. Gov't. Code § 12940(a). FEHA proscribes two distinct theories of age discrimination: "(1) discrimination arising from an employer's intentionally discriminatory act against an employee

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

because of his or her [age] (referred to as disparate treatment discrimination), and (2) discrimination resulting from an employer's facially neutral practice or policy that has a disproportionate effect [on employees over the age of forty] (referred to as disparate impact discrimination)." *Avila v. Continental Airlines, Inc.,* 165 Cal. App. 4th 1237, 1246, 82 Cal. Rptr. 3d 440 (2008). "Because of the similarity between state and federal employment discrimination laws," in evaluating discrimination claims under FEHA, "California courts look to pertinent federal precedent when applying [California] statutes." *Guz v. Bechtel National, Inc.,* 24 Cal. 4th 317, 354, 100 Cal. Rptr. 2d 352 (2000).

        1.      *Plaintiff's Age Discrimination Claim Against Sears*

First, Plaintiff alleges that Sears engaged in unlawful age discrimination by firing him. To survive summary judgment on this claim, Plaintiff must satisfy the three-part test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, he must establish a *prima facie* case that the adverse employment action of which he complains was based on impermissible considerations. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once established, this creates a presumption that Sears unlawfully discriminated against him, and shifts the burden to Sears to produce evidence of a non-discriminatory reason for its employment decision. *Id.* at 143. If Sears satisfies its burden of presenting evidence that the challenged employment action was based on legitimate, nondiscriminatory considerations, the burden then shifts back to Plaintiff to show "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *See Lessard v. Applied Risk Management,* 307 F.3d 1020, 1025 (9th Cir. 2002).

        a.      <u>Disparate Treatment Theory</u>

Plaintiff alleges that Sears subjected him to discriminatory treatment because of his age. Specifically, he claims that "easier" preventative maintenance calls were assigned to younger workers, while he was given more difficult repair calls. *Compl.* ¶¶ 8, 31. According to Plaintiff, such discriminatory job assignment practices "skewed" his statistics to reflect an unfairly low performance score, which ultimately resulted in his termination. In bringing this motion, Sears contends this claim fails as a matter of law because Plaintiff cannot establish a *prima facie* case, let alone demonstrate that Sears' legitimate, nondiscriminatory reasons for firing him were pretextual. As explained below, the Court agrees.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

                i.      *Prima Facie Case*

      In order to show a *prima facie* case of discrimination under a disparate treatment theory, a plaintiff must offer either direct or circumstantial evidence that "give[s] rise to an inference of unlawful discrimination." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996) (internal citations omitted). To establish a *prima facie* case of age discrimination through circumstantial evidence, the plaintiff must show that he was: (1) a member of a protected class [age 40-70]; (2) performing his job in a satisfactory manner; (3) discharged or subjected to adverse employment action; and (4) replaced by a substantially younger employee with equal or inferior qualifications. *Id.* The proof required to establish a *prima facie* case is "minimal and does not even need to rise to the level of a preponderance of the evidence." *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006) (internal citations omitted).

      Here, it is undisputed that Plaintiff, as a sixty-one year old man, is a member of a protected age class. Thus, Plaintiff can establish the first element of his *prima facie* case. Similarly, because Plaintiff was terminated, the third element of adverse employment action is not in dispute.

      The second element, however, is not satisfied. Defendants argue that Plaintiff cannot make the requisite showing of satisfactory performance because the undisputed evidence shows that his overall performance score for 2007 was 1.9 (among the lowest in his District and significantly below the 2.4 RIF cut-off), and his TPR score for the six months prior to the RIF placed him well within the bottom 20% of technicians in his district. *Mot.* 13:4-10; *Nuestro Decl.* ¶ 16; *DNOL,* Ex. E.; *see also Plaintiff's Notice of Lodging of Exhibits* ("*PNOL*"), Exs. 30-31. Apart from a conclusory assertion that Plaintiff's 2007 evaluation contains a "fatal miscalculation," *Opp'n* 10:19-22, Plaintiff's opposition disregards the element of satisfactory performance.[4] Accordingly, as there is no genuine factual issue regarding whether Plaintiff's

---

[4] Although Plaintiff submitted into evidence various customer surveys and a thank you card, presumably in an effort to show some indicia of satisfaction with his performance, the Court will not consider such evidence in ruling on Defendants' motion. The documents are unauthenticated and do not comport with the Court's standing order. *See Standing Order* 8:7-10 ("Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

performance during the relevant time period was satisfactory, the Court finds that Plaintiff has not met the minimal burden of establishing the second *prima facie* element.

Nor can Plaintiff satisfy the fourth *prima facie* requirement of being "replaced by a substantially younger employee with equal or inferior qualifications." *Nidds,* 113 F.3d at 917. Notably, courts have afforded this requirement "some flexibility" where a plaintiff's discharge results from a general reduction in force due to business conditions. *Nidds,* 113 F.3d at 917*; see also Rose v. Wells Fargo & Co.,* 902 F.2d 1417, 1421 (9th Cir. 1990). In such cases, a plaintiff "need not show that he was replaced by a younger, newly hired employee; it is sufficient that the discharge occur in circumstances giving rise to an inference of age discrimination." *Ewing v. Gill Industries, Inc.*, 3 Cal. App. 4th 601, 611, 4 Cal. Rptr. 2d 640, 645 (1992). Plaintiff, however, fails to offer either direct or circumstantial evidence supporting an inference of age discrimination.

To start, it is undisputed that Plaintiff was included in the RIF because of his low scores with respect to the established criteria.[5] It is also undisputed that Plaintiff never heard any comments suggesting that his age was a factor in termination. *Villasenor Depo.* 170:2-171:14. Similarly, Plaintiff admitted that he never heard any Sears' management personnel make negative comments about the age of other employees in the protected age group. *Id.* The only specific, age-related evidence Plaintiff proffered is his testimony that in the fall of 2007 Sears notified its service technicians over fifty-five years of age that, pursuant to the Federal Pension Protection Act of 2006, their lump sum option would only remain available for a limited time. *Id.* 137:13-138:24; *Compl.* ¶ 7; *DNOL,* Ex. J. However, Plaintiff acknowledged that Sears explained that this change in policy was due to a new legal requirement. *Villasenor Depo.*

---

In addition, to the extent dates are provided on the various surveys and notes of commendation, the documents are from 2002, 2004, and 2005 – not from the critical six month period before the RIF in which Plaintiff's performance was measured.

[5] It bears emphasis that even if Plaintiff was to establish that Sears made a mistake in calculating his performance score, and thus terminated him in error, that showing would still be insufficient for Plaintiff to prevail on his age discrimination claim. *See Hersant v. Dep't of Social Services*, 57 Cal. App. 4th 997, 1005, 67 Cal. Rptr. 2d 483 (1997) (noting that it is not enough for a FEHA plaintiff to "show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

138:11-16.  He further testified that in making this announcement, Sears told the technicians that "because of [their] age, [Sears'] customers love [them]," that they were a "value" and "good PR" for the company, and that "it would be a shame to [ ] lose [ ] a great deal of technicians of [the protected] age bracket."  *Id.* 138:19-24.  Far from creating an inference of age discrimination, such remarks directly refute such an inference.  It is also notable that this announcement occurred at least six or seven months before the May 2008 RIF.  *See Schechner v. CBS Broadcasting, Inc.,* No. C 08-05049 MHP, 2010 WL 2794374, *5 (N.D. Cal., July 15, 2010) (where defendant employer removed plaintiff from his position as weekend morning anchor, calling his performance "lackluster" and replacing him with a younger employee in 2005, such evidence did not support an inference of age discrimination related to plaintiff's claim based on a RIF firing in 2008).

In addition, although Plaintiff contends that the performance scores were intentionally skewed to the detriment of older workers, he fails to support this claim with any evidence creating an inference of age discrimination.  Plaintiff does not, for instance, point to a single occasion where one of his managers specifically assigned a PM call to a service technician under the age of forty, instead of assigning it to him.  The record does, however, reflect undisputed evidence that Plaintiff was occasionally assigned some of these "easier" preventative maintenance calls.  *Villasenor Depo.* 189:13-20.  While Plaintiff's papers emphasize the ability of individual managers to manually override Sears' automated routing system, *see Opp'n* 6:5-28: *Patnode Decl.* ¶¶ 3-4, Plaintiff provides absolutely no evidence showing that any of *his* managers overrode Sears' routing system to change *his* assignments – let alone that they did so to deliberately give Plaintiff difficult calls based on a discriminatory animus they harbored towards individuals in Plaintiff's age group.

Therefore, as Plaintiff failed to present any evidence that could give rise to an inference of age discrimination, he cannot establish the fourth *prima facie* element.  *See also Nesbit v. Pepsico, Inc.,* 994 F.2d 703, 705 (9th Cir. 1993) (holding that employer's use of the phrase "we don't necessarily like grey hair" did not support an inference of discriminatory motive); *Nidds,* 113 F.3d at 918-19 (holding that the employer's use of the phrase "old timers" did not support inference of discriminatory motive); *Schechner,* 2010 WL 2794374 at *9 (granting summary judgment for defendant employer; plaintiffs' statistical evidence regarding the age of television on-air reporters did not give rise to an inference of age discrimination, as to establish a prima facie case of age discrimination under FEHA).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

    ii.  *Remaining Inquiries under McDonnell Douglas*

  Given Plaintiff's failure to establish a *prima facie* case, the Court's analysis could end here. It nonetheless bears mention, however, that even if Plaintiff had met his initial burden, application of the remaining two inquires under *McDonnell Douglas* would generate the same result. Defendants articulated a legitimate, nondiscriminatory reason for terminating Plaintiff: a general reduction in the number of service technicians in response to the changing economic climate. *Nuestro Decl.* ¶ 13. This suffices to shift the burden back to Plaintiff to show that Sears' proffered explanation was a pretext for age discrimination. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1423 (9th Cir. 1990); *see also Reese v. Micro Dental Laboratories*, 2007 WL 2949548, *4 (N.D. Cal., Oct. 10, 2007) (holding that "restructuring" strategy implemented to "improve employee efficiency" was a legitimate, nondiscriminatory reason for employer's decision to terminate plaintiff's employment).

  For essentially the same reasons previously discussed with respect to the *prima facie* requirements, Plaintiff fails to produce the specific evidence of pretext necessary to overcome this burden and defeat Defendants' motion for summary judgment. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998). He does not even appear to argue that the RIF was pretextual; indeed, he conceded that he has no idea why Sears decided to conduct a RIF, or who was involved in making that decision. *Villasenor Depo.* 160:23-161:9; 157:18-158:6.

  As to his claim that Sears engaged in age discrimination by assigning PM technicians the "easier" job of conducting routine appliance checks, the Court finds Plaintiff's position equally untenable. Sears asserted that it assigned routine appliance checks to lower-paid, lower-level PM technicians so that the higher-paid, more experienced service technicians could remain available for repair calls. *Russell Decl.* ¶¶ 8-9. This is a legitimate, non-discriminatory reason sufficient to shift the burden back to Plaintiff to "produce enough evidence to allow a reasonable fact-finder to conclude either: (a) that the alleged reason for [his] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291 (9th Cir. 2000) (*quoting Nidds,* 113 F.3d at 918). Here, as previously noted, Plaintiff failed to provide any admissible evidence supporting an inference that Sears' explanation for its job assignment practices was a pretext for unlawful age discrimination.[6]

---

[6] To the extent that Plaintiff attempted indirectly show that the Sears proffered explanation is "unworthy of credence," *Tex. Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

In sum, even assuming Plaintiff could establish a *prima facie* case, his age discrimination claim would still fail. Accordingly, Defendant's motion for summary judgment on Plaintiff's disparate treatment age discrimination claim against Sears is GRANTED.

### b. Disparate Impact Theory

Further, to the extent that Plaintiff alleges that the RIF had a "disparate impact" on service technicians in the protected age group, such a claim also fails as a matter of law. A plaintiff bringing a disparate impact claim can only prevail upon showing that a facially neutral employment practice had a discriminatory impact on a protected class of workers. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1291 (9th Cir. 2000). Put simply, the plaintiff must prove, *inter alia,* a disparate impact.

Here, the undisputed evidence shows that Plaintiff cannot do so. For example, it is undisputed that out of the eighty-seven service technicians hired since Plaintiff's termination, 59% (fifty-one persons) were over the age of forty when hired. *Costanza Decl.* ¶ 5. Similarly, the evidence upon which Plaintiff purports to rely shows that (1) the percentage of technicians over the age of forty *increased* after the RIF; and (2) that although technicians under the age of forty comprised only 19.74% of the workforce, they comprised a disproportionate 38.9 % of the technicians selected for the RIF. *See Older Worker's Benefit Protection Act Notice, PNOL,* Ex. 1; *Leggieri Decl.,* ¶ 8. If anything, such statistics create an inference that there was *not* a disparate impact.

---

1089, 67 L.Ed.2d 207 (1981), his submission of Sears' financial records for the years 2008, 2009, and 2010 are of no avail. *See PNOL* Exs. 43, 44, 46. These documents are not only unauthenticated, but, at most, are ambiguous in this context. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1139 (9th Cir. 2004) (declining to consider defendant employer's financial records from around the time that plaintiff was fired as evidence that defendant's legitimate, non-discriminatory reasons for its actions were pretextual).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

Accordingly, because Plaintiff failed to satisfy his initial burden in establishing a *prima facie* case of age discrimination on a discriminatory impact theory, such a claim would also fail as a matter of law.

### 2. *Plaintiff's Age Discrimination Claim Against A&E*

Plaintiff also asserts an age discrimination claim against A&E based on its September 2009 decision not to hire Plaintiff as a laundry service technician. *Compl.* ¶ 29. However, the undisputed evidence shows that Plaintiff cannot establish two elements of his *prima facie* case with respect to this claim. First, Plaintiff offers no evidence indicating that he was qualified for a position requiring specialization in laundry appliances. *Costanza Decl.*, ¶ 8. To the contrary, not only was Plaintiff inexperienced in the area of laundry, *Villasenor Depo.* 35:16-18, it is undisputed that he received poor performance reviews during his prior employment with Sears. Additionally, it is undisputed that nobody was hired to fill the position, *see DUF* ¶ 34, and Plaintiff offers no evidence showing that A&E chose not to hire Plaintiff due to discriminatory animus rather than because of his poor productivity with Sears. Thus, Plaintiff also cannot establish the fourth element required to state a *prima facie* case.

Accordingly, as Plaintiff failed to satisfy his initial burden, his age discrimination claim against A&E therefore fails as a matter of law. Defendants' request for summary judgment with respect to A&E is therefore GRANTED.

### C. Plaintiff's Claim for Retaliatory Discharge in Violation of Public Policy (Third Cause of Action)

Plaintiff's third cause of action alleges that he was terminated in retaliation for complaining about Defendants' alleged failure to provide meal and rest breaks. *Compl.* ¶ 45. "In order to sustain a claim of wrongful discharge in violation of fundamental public policy, [Plaintiff] must prove that his dismissal violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994). Plaintiff must also show a causal connection between his reporting of alleged statutory violations and his allegedly adverse treatment by Sears. *Id.* at 1258.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

Plaintiff concedes that he never complained about alleged wage and hour violations to anyone on Sears' corporate management team who was involved in the decision to fire him. *Villasenor Depo.* 251:19-252:5; 260:14-22. He further admitted that no one at Sears made any negative comments regarding his participation in the wage and hour action. *Id.* 243:10-13. Thus, there is absolutely nothing to suggest a causal connection between Plaintiff's alleged complaints and his termination pursuant to the May 2008 RIF. Therefore, as Plaintiff has provided no admissible evidence creating a genuine issue of material fact as to whether he was terminated in response to complaining about Sears' wage and hour violations, the Court GRANTS summary judgment in Defendants' favor with respect to Plaintiff's third cause of action.

  D. <u>Plaintiff's Wage and Hour Claim (Fourth Cause of Action)</u>

Plaintiff's fourth claim for relief is based on Sears' alleged failure to provide him with meal and rest breaks in violation of California Labor Code § 226.7. *Compl.* ¶¶ 54, 55. On July 24, 2006, the United States District Court for the District of New Jersey approved a nationwide class action settlement in *Lenahan, et al. v. Sears, Roebuck and Co.*, Case No. 02cv00045 SRC (TJB) (D. N.J. July 24, 2006). *See Defendants' Request for Judicial Notice* ("*RJN*"), Ex. 1. Plaintiff was a member of the class, did not opt-out, and received money as a result of the settlement. *Villasenor Depo.,* 242:2-12; *RJN*, Ex. 1; *DNOL*, Ex. K. The Court agrees with Defendants that Plaintiff is accordingly bound by the terms of the settlement release, which bars all claims that were, or could have been, asserted in that litigation. *RJN*, Ex. 2. Thus, as a matter of law, Plaintiff's fourth cause of action is barred to the extent it is based on allegations relating to conduct prior to the settlement date of July 24, 2006.

Further, on December 1, 2010, Plaintiff accepted Defendants' Rule 68 offer with respect to his wage and hour claim. *See Landry Decl.,* Ex. Q (Dkt. # 62-2 (Dec. 20, 2010)). Because Plaintiff's fourth cause of action is also barred with respect to the time period between July 24, 2006 (the date of the class action settlement) and May 15, 2008 (the date Plaintiff was fired), the Court therefore GRANTS Defendants' motion for summary judgment with respect to Plaintiff's fourth claim.

  E. <u>Plaintiff's Claim for Unlawful Business Practices in Violation of Cal. Bus.</u>
    <u>& Prof. Code § 17200 (Fifth Cause of Action)</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

Plaintiff's final cause of action is for allegedly unfair business practices. This claim appears to be based on (1) Defendants' alleged "failure to adhere to California's Wage and Hour laws[,]" *Opp'n* 21:21-23; and (2) A&E's practice of requiring Sears' service technicians to "remove their patches and hide their Sears Vans." *Id.* 22:10-13. In moving for summary judgment, Defendants argue that Plaintiff's UCL claim fails as a matter of law because "where [(as here)] the legislature has enacted a statute that expressly governs the conduct at issue, and the defendant's conduct is lawful under that statute, a violation of any prong of § 17200 cannot be established." *Mot.* 25:2-11 (*citing Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1163 (2000)). Thus, according to Defendants, because Plaintiff's retaliation and discrimination claims against Sears and A&E fail, Plaintiff cannot maintain his UCL claim.

The Court agrees with Defendants that summary judgment is appropriate. To the extent Plaintiff's UCL claim is based upon alleged wage and hour violations, it is negated by Plaintiff's acceptance of Defendants' Rule 68 Offer of Judgment. *See Landry Decl.* Ex. Q. As to Plaintiff's contention that A&E's practice of assigning Sears' service technicians to cover third-party repair calls for A&E constitutes an unfair business practice, Plaintiff offers no legal authority to support this proposition.

Accordingly, because the Court finds no triable issue of fact regarding the UCL claim, Defendants' motion for summary judgment is GRANTED with respect to Plaintiff's fifth cause of action.

F. Plaintiff's Putative Harassment Claim

Although Plaintiff's Complaint did not allege a distinct cause of action for age harassment in violation of FEHA, Plaintiff's opposition appears to argue that Plaintiff was subjected to age-related harassment and "hostile working conditions." *Opp'n* 4:6-6:2, 16:4-16. For purposes of clarity, the Court notes that Plaintiff cannot proceed with a harassment theory of liability as a separate cause of action. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291 (9th Cir. 2000) (affirming the district court's holding that plaintiffs could not raise a disparate impact theory of liability for the first time at summary judgment); *Gartner, Inc. v. Parikh*, No. CV 07-2039-PSG, 2008 WL 4601025, *6 (C.D. Cal., Oct. 14, 2008) (granting defendant's motion for summary judgment on a claim where plaintiff failed to plead the claim in its FAC, and failed to indicate its intention to pursue recovery under that theory during discovery). The Court further notes that Plaintiff cannot maintain an age harassment claim given

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9147 PSG (FMOx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

his testimony that he never heard anyone employed by Defendants make negative or derogatory comments about older workers. *SUF* ¶¶ 37-38.

IV.     Conclusion

Thus, for the foregoing reasons, Defendants' motion for summary judgment is GRANTED in its entirety.

**IT IS SO ORDERED.**