O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#80

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9147 PSG (FMOx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

    Not Present          Not Present

**Proceedings:**      **(In Chambers) Order DENYING Defendants' motion for attorneys' fees**

Pending before the Court is Defendants' motion for attorneys' fees. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of and in opposition to the motion, the Court DENIES the motion.

I.      Background

The plaintiff in this case, Dan Villasenor ("Plaintiff") alleged that Defendant Sears, Roebuck & Co. ("Sears") discharged him because of his age and/or in retaliation for engaging in allegedly protected activities, and that Defendant A&E Factory Services, LLC ("A&E") (collectively, "Defendants") engaged in age discrimination by refusing to re-hire him. *Compl.* ¶ 23. Specifically, Plaintiff's Complaint asserted the following five causes of action: (1) retaliatory discharge in violation of California's Fair Employment and Housing Act ("FEHA"); (2) age discrimination in violation of FEHA; (3) retaliatory discharge for asserting wage and hour violations; (4) redress of wage and hour violations; and (5) unlawful business practices. *See* Dkt. #1, Ex. A (Dec. 14, 2009).

On January 18, 2011, the Court granted Defendants' summary judgment motion in its entirety, finding, *inter alia*, that Plaintiff failed to establish *prima facie* claims for age discrimination and retaliatory firing in violation of FEHA. *See* Dkt. ## 77, 78 (Jan. 18 and 19, 2011). Defendants subsequently filed this motion pursuant to California Government Code § 12965(b), which authorizes awards of attorneys' fees to prevailing parties under FEHA. *See*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#80

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

Dkt. # 80 (Jan. 28, 2011).  Specifically, Defendants seek an award of $59,843.78 in fees, including $57,733.28 in fees for work performed successfully defending against Plaintiff's FEHA claims and $2,110.50 in fees for the work spent in bringing this motion.  *Notice of Mot.* 1:5-11 (Dkt. # 80 (Jan. 28, 2011)).

II.     Discussion

California Gov't Code § 12965 provides that "in actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney[s]' fees and costs except where such action is filed by a public agency or a public official, acting in an official capacity."  Cal. Gov't Code § 12965(b); *Cummings v. Benco Bldg. Serys.,* 11 Cal. App. 4th 1383, 1390, 15 Cal. Rptr. 2d 53, 57 (1992).  Where, as here, the defendant is the prevailing party, the defendant must satisfy the standard set forth by the Supreme Court in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978), to obtain an award of fees pursuant to Section 12965.[1]  In *Christiansburg*, the Court stated that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Id.* at 421.  Additionally, awards of attorneys' fees to prevailing defendants have been deemed appropriate where the plaintiff continued to litigate a FEHA claim after the plaintiff knew, or should have known, that the claim was unreasonable or without foundation.  *See Moss v. Associated Press,* 956 F. Supp. 891, 893 (C.D. Cal. 1996).

In order to award attorneys' fees to a defendant who prevails in an action under FEHA, however, the Court must not only be satisfied that the defendant is entitled to the fees, but must also find that the fee award is reasonable.  *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  Reasonableness is generally determined using the "lodestar" method, under which a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate."  *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (citing *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993)).  While a court may, in its discretion, equitably adjust the amount of the award, in so

---

[1] Given the "symmetry between California and federal anti-discrimination statutes," California courts have held that *Christiansburg* controls FEHA claims in assessing a prevailing defendant's right to attorneys' fees.  *See Bond v. Pulsar Video Prods.*, 50 Cal. App. 4th 918, 921, 57 Cal. Rptr. 2d 917 (1996).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#80

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9147 PSG (FMOx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

doing it must provide a "detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate.'" *Hensley*, 461 U.S. at 434-36.

The prevailing party bears the burden of documenting the appropriate hours expended in litigation and submitting evidence of those hours worked. *Carson v. Billings Police Dept*., 470 F.3d 889, 891 (9th Cir. 2006); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1993). As the Supreme Court explained in *Hensley*, the documentation submitted should be sufficient to satisfy the Court that the hours expended were actual, non-duplicative, and reasonable, and to apprise the Court of the nature of the activity and the claim on which the hours were spent. *Hensley*, 461 U.S. at 433-37; *see also Navarro v. General Nutrition Corp*., No. C 03-0603 SBA, 2005 WL 2333803, *11 (N.D. Cal., Sept. 22, 2005) (awarding attorneys fees to prevailing defendant in a FEHA case where defendant provided "detailed, contemporaneous time records reflecting all of the attorney hours spent on the litigation[,]" as well as background information concerning the two lead attorneys) ("The applicant must justify her claim by submitting *detailed* time records.") (emphasis in original).

Here, even assuming that Defendants satisfied the *Christiansburg* standard and could accordingly establish entitlement to a fee award under Section 12965 (an issue which the Court declines to reach in this Order), the Court is unable to ascertain that the amount of the award is reasonable based on the limited evidence Defendants submitted. As Plaintiff points out in opposing Defendants' motion, Defendants failed to provide an itemized breakdown of the hours expended in this litigation. *Opp'n* 12:1-2. Rather, to justify their request, Defendants provided a declaration from the attorney responsible for preparing and handling Defendants' bills that listed: (1) the total amount of fees incurred during the time period for which Defendants seek to recover fees (August 5, 2010 through January 18, 2011); (2) the hourly rates for the partner and associate who performed work on this case ($335.00 and $265.00, respectively); and (3) a general explanation of the process by which Defendants distinguished the work performed defending the FEHA claims from the work related to Plaintiffs' non-FEHA claims. *See Landry Decl.* ¶¶ 2-4, Dkt. # 80-2 (Jan. 28, 2011).

Absent more specific information, the Court is unable to determine whether the requested sum includes hours that were not "reasonably expended" on litigation because they were excessive, redundant, or otherwise unnecessary. *Van Gerwen v. Guaranteed Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Hensley*, 461 U.S. at 435-36). Contrary to what Defendants appear to suggest, the Court cannot accept Defendants' counsel's averments on good faith – even where nothing in the declarations indicates that the request is unreasonable. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1263 n.8 (9th Cir. 1987) ( "It is not sufficient for

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#80**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9147 PSG (FMOx) | Date | March 15, 2011 |
|---|---|---|---|
| Title | Dan Villasenor v. Sears, Roebuck & Co. *et al.* | | |

prevailing counsel to opine that all of the time claimed was usefully spent, and the district court should not uncritically accept counsel's representations concerning the time expended.") (internal citation omitted).

IV.     Conclusion

Accordingly, for the foregoing reasons, Defendants' motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**